IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANZARA M. BROWN, | § | |
| | § | No. 259, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1205025968A (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 25, 2020
Decided: October 15, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Anzara Brown, appeals the Superior Court's denial of his motion to reopen his convictions for various drug and weapons offenses so that he may renew his motion to suppress. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Brown's opening brief that his appeal is without merit. We agree and affirm.

(2)    In September 2013, Brown was convicted by a Superior Court jury of drug dealing, aggravated possession, possession of a deadly weapon during the

commission of a felony, carrying a concealed deadly weapon, second degree conspiracy, second degree criminal solicitation, and possession of marijuana. Brown was sentenced as an habitual offender to life plus twenty-seven years of Level V incarceration.[1] Prior to trial, Brown filed a motion to suppress telephone calls between him and his co-defendant as well as a motion to suppress the evidence recovered from Brown's person during a search incident to arrest. After a suppression hearing, the Superior Court denied the motions.[2] We affirmed Browns' convictions as well as the Superior Court's denial of Brown's motions to suppress on direct appeal.[3]

(3)   In September 2015, Brown filed a motion for postconviction relief arguing, among other things, that the Superior Court erred when it denied his motion to suppress the evidence obtained during the search incident to arrest. On April 6, 2018, the Superior Court denied Brown's motion for postconviction relief,[4] and this Court affirmed on appeal.[5]

---

[1] For sentencing purposes, the second degree criminal conspiracy charge and the second degree criminal solicitation charge merged.

[2] *State v. Brown*, 2013 WL 4051050 (Del. Super. Ct. July 30, 2013) (denying motion to suppress intercepted phone calls); *State v. Brown*, 2013 WL 4051046 (Del. Super. Ct. July 30, 2013) (denying motion to suppress evidence recovered during search incident to arrest).

[3] *Brown v. State*, 117 A.3d 568 (Del. 2015).

[4] *State v. Brown*, 2018 WL 1702888 (Del. Super. Ct. Apr. 6, 2018).

[5] *Brown v. State*, 2018 WL 6181657 (Del. Nov. 26, 2018).

(4) On June 22, 2020, Brown filed a motion to reopen the suppression hearing. Although Brown framed his motion as a motion to reopen, the Superior Court considered it as a motion for reargument and denied it as untimely filed. This appeal followed.

(5) On appeal, Brown asserts that the Superior Court abused its discretion in denying his motion to reopen. Brown alleges that the police did not have probable cause to support his initial detention and seeks a "full and fair" suppression hearing in the Superior Court. Brown's argument is unavailing. Although it appears that the Superior Court mistakenly treated Brown's motion as a motion for reargument— rather than a motion to reopen filed under Superior Court Civil Rule 60(b) ("Rule 60(b)")—we nonetheless affirm the Superior Court's denial of Brown's motion on the independent and alternative ground that it lacked merit under Rule 60(b).[6] Rule 60(b) cannot be used to collaterally attack a conviction: "Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a judgment of final conviction."[7] In any event, Brown's conclusory allegation that he was somehow prevented from having a "full and fair" suppression hearing is belied by the record. Brown did, in fact, have a full and fair suppression hearing where he argued, as he

---

[6] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).
[7] *Jackson v. State*, 2007 WL 2231072, at *1 (Del. Aug. 2, 2007).

does here, that "probable cause did not exist to justify stopping Brown's vehicle and searching his person."[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice

---

[8] *Brown*, 2013 WL 4051046, at *1.